```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

KENNETH TONEY, AIS #208227,     :

    Plaintiff,               :

vs.                              :    CIVIL ACTION 07-00079-CG-B

LT. FUQUA,                       :

    Defendant.               :


### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) because it is frivolous, and it fails to state a claim on which relief can be granted.

**I.  Amended Complaint (Doc. 4).**

Afer a review of Plaintiff's original Complaint (Doc. 1), the Court ordered Plaintiff to file an amended complaint because his original Complaint was filed on an outdated complaint form. (Docs. 1 & 3). Plaintiff was advised that his Amended Complaint would supersede the original Complaint. (Doc. 3). Subsequent thereto, Plaintiff filed an Amended Complaint which names Lt. Fuqua as the sole Defendant. (Doc. 4). Plaintiff's Amended Complaint consisted

of the following paragraph:

> On Oct. 23, 2006, Lt. Fuqua did have plaintiff placed in "stripped cell" where everythg was taken out of the cell except the mattress and a half of a sheet, including <u>all</u> hygiene items and personal care items (towels, shower shoes, etc). The water was cut-off and the plaintiff was left with <u>only</u> one pair of pants, one thermal top and a pair of shoes. (What he had on.) Plaintiff was made to remain in this for 4 days. Plaintiff was allowed to shower, but was made to put on the same clothes, and was given no way to wash them. . . . Defendant denied plaintiff running water, hygiene items and clothes for four days on Oct. 27, 2006 at Holman Correctional Facility.

For relief, Plaintiff requests a verdict in his favor and an award of punitive damages. (<u>Id.</u> at 5-7).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding <u>in forma pauperis</u>, the Court is reviewing the Amended Complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B)(I), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). A claim is frivolous as a matter of law where, <u>inter alia</u>,

---

[1]The frivolity and the failure-to-state-a-claim analysis contained in <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001); <u>Brown v. Bargery</u>, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal is now mandatory under § 1915(e)(2)(B). <u>Bilal</u>, 251 F.3d at 1348-49.

the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.  Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)(noting that § 1915(e)(2)(B)(ii)'s language tracks the language of Fed.R.Civ.P. 12(b)(6)).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id. at 1965.  That is, the allegations must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Id. at 1966 (second brackets in original).  "[L]abels and conclusions and a formulaic recitation of a cause of action's elements" are insufficient grounds for entitlement to relief.  Id. at 1959.  However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.  Jones v.

3

Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21 (2007).

**III. Discussion.**

Plaintiff's allegations are based on a four-day stay in a strip cell at Holman Correctional Facility. Plaintiff does not indicate what led him to be placed in the strip cell on October 23, 2006. He merely alleges that he was placed in the strip cell and was only allowed a pair of pants, a thermal top, and shoes. Plaintiff further alleges that he had to sleep on a mattress with half of a sheet, and that while he was allowed to shower, all of his hygiene and personal care items, "(towels, shower shoes, etc.)," were removed from the cell, the water to the cell was turned off, and he was made to wear the same clothes after showering, with no opportunity to wash the clothes after each wear. (Doc. 4). Plaintiff has made no allegation that he suffered any injury as a result of this four-day placement in the strip cell. Furthermore, Plaintiff has not alleged that he was deprived of proper food or liquids, or of the ability to eliminate bodily wastes, or of a reasonably sanitary cell.

"[T]he Constitution does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392, 2400 (1981). All that is required under the Eighth Amendment is that prison officials "ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates[.]'" Farmer v. Brennan, 511

U.S. 825, 832, 114 S.Ct. 1970, 1976 (1994) (citations omitted); see Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir.) (finding that the Eighth Amendment requires that a prisoner receive "reasonably adequate food, clothing, shelter, and sanitation"), cert. denied, 475 U.S. 1096 (1986). Prison conditions violate the Eighth Amendment only when they "involve the wanton and unnecessary infliction of pain." Rhodes, 452 U.S. at 346, 101 S.Ct. at 2399.

In order to prevail on an Eighth Amendment inhumane conditions of confinement claim, an inmate must make both an objective and a subjective showing. Farmer, 511 U.S. at 836, 114 S.Ct. at 1983. The objective component requires the Court to look to "contemporary standards of decency," to determine whether the challenged conditions resulted in a deprivation of "the minimal civilized measure of life's necessities," Rhodes, 452 U.S. at 347, 101 S.Ct. at 2399, or, at a minimum, of a "single human need," Wilson v. Seiter, 501 U.S. 294, 305, 111 S.Ct. 2321, 2327 (1991); see Jordan v. Doe, 38 F.3d 1559, 1565 (11th Cir. 1994). Moreover, the challenged condition must be "extreme," Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 1000 (1992), that is, "sufficiently serious[,]" Farmer, 511 U.S. at 834, 114 S.Ct. at 1977, "[b]ecause routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society[.]'" Hudson, 503 U.S. at 9, 112 S.Ct. at 1000. "Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no

specific deprivation of a single human need exists." <u>Wilson</u>, 501 U.S. at 305, 111 S.Ct. at 2327; <u>Jordan</u>, 38 F.3d at 1564.

The subjective component requires that the prison official have been "deliberately indifferent" to a substantial risk of serious harm. <u>Farmer</u>, 511 U.S. at 828-29, 114 S.Ct. at 1974. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Id.</u> at 837, 114 S.Ct. at 1979. Moreover, "[a] plaintiff must also show that the constitutional violation caused his injuries." <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1028 (11th Cir. 2001)(<u>en banc</u>); <u>see also</u> <u>Chandler v. Crosby</u>, 379 F. 3d 1278, 1289 (11th Cir. 2004)(an inmate need not await a tragic event before seeking relief, he must at the very least show that the condition of confinement poses an unreasonable risk of serious damages to his future health or safety)(citations omitted).

The crux of Plaintiff's claim regarding his four-day confinement in the strip cell is that he was not given freshly cleaned clothes to put on after his shower, the water to his cell was turned off, unidentified hygiene products as well as personal care items consisting of towels and shower shoes were removed from

6

his cell.  In a case that bears similarities to the instant action, Williams v. Delo, 49 F.3d 442 (8th Cir. 1995), the Eighth Circuit found that the prisoner was not denied "the minimal civilized measure of life's necessities" during his four-day stay in a strip cell.  Id. at 444 n.1 & 447.  After attacking his wife in the visiting room and continuing to display disruptive behavior, the plaintiff was placed in a strip cell and his clothes were forcibly removed.  Id. at 444.  The water to the cell was turned off and the mattress was removed.  Id.  Additionally, the plaintiff's requests for the water to be turned on and for "a tooth brush, tooth paste, deodorant, soap, sheets, blankets, pillow cases, pillows, mattresses, his legal mail, and clothing" were denied.  Id.  While the record reflected that the plaintiff had received three meals a day, including milk, the record was devoid of any showing that the plaintiff sought and had been denied medical treatment for a medical condition or that he had sustained an injury that resulted from his four-day stay in the strip cell.  Id.   The Court held that while the plaintiff may have suffered discomfort as a result of his placement in the strip cell, under the conditions alleged, he was not deprived of the "the minimal civilized measure of life's necessities" because the plaintiff received three meals a day with liquid nourishment, was sheltered from the elements, and did not sustain an injury or health condition.  Id. at 445.

In the case at hand, Plaintiff was provided shelter and was

7

allowed to wear regular clothing and to take showers. As noted supra, Plaintiff's Amended Complaint is devoid of any allegations about food or liquids, medical conditions, injuries, or unsanitariness regarding the cell. Moreover, it is clear that his confinement in the strip cell was of a short duration, namely four days. Accordingly, the undersigned finds that Plaintiff's allegations do not rise to the level of a deprivation of "the minimal civilized measure of life's necessities" or a deprivation of a single human need. Rather, Plaintiff's allegations establish at best, that he experienced discomfort. See Wilson v. Timko, 972 F.2d 1348, 1992 WL 185446, at *3 (9th Cir. 1992) (unpublished) (finding that the turning off of water which kept plaintiff from flushing his toilet or taking a shower for two and a half days did not result in the denial of basic needs); White v. Marshall, 2008 WL 4826283, at *3-4, *9 (M.D. Ala. Nov. 5, 2008) (unpublished) (holding that the plaintiff's confinement for thirty days in a paper gown to the jail's strip cell that did not have a mattress, blanket, commode, wash basin, personal hygiene items, a lightbulb, or ventilation, but did have a drain or hole for disposal of human waste, and the inability to take a shower or exercise for twenty days were not deprivations of "the minimal civilized measures of life's necessities"); Gross v. White, 2008 WL 2795805, at *9 (M.D. Fla. July 18, 2008) (unpublished) (finding that having the water turned off to the isolation cell for thirty-six hours, among other

things, was a minor discomfort in light of the absence of allegations that the prisoner was not deprived of food or liquids); Causey v. Allison, 8 US Dist. LEXIS 2071 (S.D. Miss., Sept. 8, 2008)(where the plaintiff alleged that he received three meals a day and yard call once every two weeks, that he was given cleaning materials four times a week to clean jail cell, and that he caught a cold three times, his allegations failed to state a claim because they did not rise to the level of a constitutional violation notwithstanding his assertions that meals were not hot when they arrived, that there is black mold in the shower, that he was not allowed to exercise more often, and that he had to sleep on the floor for ten nights and was only provided a mat, sheet and blanket)(unpublished); Dixon v. Toole, 2006 WL 1038433, at *3 (S.D. Ga. Apr. 13, 2006) (holding that placement in a stripped suicide cell for two days did not violate the "the minimal civilized measure of life's necessities") (unpublished), aff'd, 225 Fed.Appx. 797 (11th Cir. Apr. 4, 2007) (unpublished).

Because Plaintiff has failed to establish that he was deprived of "the minimal civilized measure of life's necessities," he cannot meet the objective component of an Eighth Amendment claim; thus, he cannot establish a viable claim. Since Plaintiff must meet both the objective and subjective components to establish an Eighth Amendment claim, the Court is foregoing a discussion on the subjective component.

9

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii) because it is frivolous and it fails to state a claim on which relief can be granted.

The attached sheet contains important information regarding objections to the Report and Recommendation.

DONE this **3rd** day of **April, 2009.**

                                    **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

11

3.      **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

    **DONE** this the **3rd** day of **April, 2009**.


                                    _____/s/ SONJA F. BIVINS_____
                                    **UNITED STATES MAGISTRATE JUDGE**